**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

MARK M. GOLDRING,

    Petitioner,

-vs-                                                  Case No.   8:04-CV-2798-T-30MAP

WARDEN LAMDIN, et al.,

    Respondents.
_____/

## ORDER

Petitioner, a State of Florida inmate, initiated this action *pro se* by filing a Petition for Writ of Habeas Corpus challenging his challenging his 2000 conviction for robbery with a firearm entered by the Thirteenth Judicial Circuit Court, Hillsborough County, Florida (Dkt. 1).  Respondent has filed in response to the petition (Dkt. 7), and Petitioner has filed a reply thereto (Dkt. 14). An evidentiary hearing is not required for the disposition of this matter. Rules Governing Section 2254 Cases 8(a).

## Background

On June 6, 2000, Petitioner was charged by Information with one count of robbery with a firearm (Dkt. 8, Ex. 001). Following a jury trial, Petitioner was found guilty as charged on October 11, 2000 (Dkt. 8, Ex. 004).  Petitioner was sentenced on November 13, 2000, to a term of life imprisonment as a prison releasee reoffender[1] (Dkt. 8, Ex. 006). Petitioner

---

[1]The Court takes judicial notice of information available at the Florida Department of Corrections ("DOC") Offender Information Network, http://www.dc.state.fl.us/active inmates/detail.asp, viewed on October 18, 2006. *See* Fed. R. Evid. 201. Following his conviction in Hillsborough County, Florida, for the offenses of burglary of an occupied structure, possession of burglary tools, and grand theft, Petitioner was placed in the custody of the DOC on November 16, 1998, to serve a sentence of 18 months.  He was released from prison on December 4, 1999. The robbery that is the subject of the instant petition occurred on April 10, 2000.

filed a motion to correct a sentencing error pursuant to Fla. R. Crim. P. 3.800(b), *see* Dkt. 8, Ex. 007, which was denied on July 5, 2001 (Dkt. 8, Ex. 008).

Represented by counsel, Petitioner filed a direct appeal asserting that (1) the cumulative effect of improper remarks by the prosecutor during closing argument denied Petitioner his right to a fair trial, and (2) the trial court erred in sentencing Petitioner to life imprisonment as a prison releasee reoffender (Dkt. 8, Ex. 009). On April 5, 2002, the state district court affirmed petitioner's conviction and sentence per curiam, without written opinion (Dkt. 8, Ex. 011). *See Goldring v. State*, 816 So. 2d 618 (Fla. 2d DCA 2002). The mandate issued on May 1, 2002 (Dkt. 8, Ex. 012). Over the next two years, Petitioner filed several unsuccessful applications for state post-conviction relief.

Petitioner filed the present request for federal habeas relief on December 26, 2004 (Dkt. 1). In his petition, Petitioner raises four claims of ineffective assistance of counsel and four claims of trial court error. Respondents contend that Petitioner is not entitled to relief because his petition is barred under 28 U.S.C. § 2244(d) by the one-year limitation period applicable to § 2254 petitions. For reasons discussed below, the Court agrees with Respondents.

**Standard of Review**

State prisoners whose convictions became final after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), have one year from the latest of any of four events to file a § 2254 petition: (1) the date on which the conviction became final; (2) the date on which any state-imposed impediment to filing the petition is removed; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral

review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The one-year limitation provisions are applicable to Petitioner's claims because the petition was filed after the AEDPA's enactment date.

## Discussion

In the present case, Petitioner's direct appeal terminated unsuccessfully on April 5, 2002, with the mandate issuing May 5, 2002. *See Goldring v.* State, 816 So.2d 618 (Fla. 2d DCA 2002) (table decision).  In light of the Eleventh Circuit's holding in *Bond v. Moore*, Petitioner's one-year limitation period began to run on July 4, 2002.  309 F.3d 770 (11th Cir. 2002) (finding that "the limitations period did not begin to run until the 90-day window during which [the § 2254 petitioner] could have petitioned the United States Supreme Court for a writ of certiorari expired."); Sup. Court. R. 13 ("A petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort . . . is timely when it is filed . . . within 90 days after entry of the judgment. . . . or order sought to be reviewed, and not from the issuance date of the mandate.").

Petitioner tolled the limitation period 42 days later, on August 15, 2002, by filing an application for state post-conviction relief pursuant to Fla. R. Crim. P. 3.850. The trial court denied Petitioner's motion on September 16, 2002.  When the state district  court entered its mandate affirming the trial court's denial of Petitioner Rule 3.850 motion on February 11, 2003, the limitation period recommenced to run. *See Goldring v. State*, 843 So.2d 269 (Fla.

2d DCA 2003) (Table).  At that time, 323 days of the limitation period remained unexpired (365 days - 42 days = 323 days).  Thus, to be considered timely, Petitioner's § 2254 petition had to be filed on or before December 31, 2003.

On October 27, 2003, Petitioner filed a petition for writ of habeas corpus in the Florida Supreme Court. As Petitioner acknowledges, the Florida Supreme Court dismissed the petition for lack of jurisdiction on March 3, 2004 (Dkt. 8, Ex. 017). *See Goldring v. State*, 870 So. 2d 821 (Fla. 2004).  Respondents contend that because the habeas petition was filed in the wrong court, it had no tolling effect on the federal limitation period. The Court finds the analysis in *Wilson v. Crosby*, 2006 WL 2699130 (N.D. Fla. Sept. 19, 2006) (slip opinion), regarding the availability of habeas corpus review prior to the Florida Supreme Court's decision in *Baker v. State*[2] persuasive.

The Court's finding that Petitioner's state habeas petition tolled the limitation period does not, however, result in a finding that his § 2254 petition was timely filed.  When the

---

[2]Respondent contends that the state habeas petition was not "properly filed" because the Florida Supreme Court lacked jurisdiction to consider it. Florida law vests the state supreme court, district courts of appeal, and circuit courts with concurrent original jurisdiction to issue writs of habeas corpus. Fla. Const. art. V, §§ 3(b)(9), 4(b)(3), 5(b); Fla. Stat. § 79.01; Fla.R.App.P. 9.030. Respondent does not contest that the habeas petition met the general filing requirements in the the Florida Supreme Court. Instead, Respondent argues that the Florida Supreme Court lacked jurisdiction to consider the petition because the proper method for seeking post-conviction relief is to file a motion pursuant to Fla.R.Crim.P. 3.850 in the circuit court in which the petitioner was convicted.

In *Baker*, the Florida Supreme Court noted that it's practice in the past of "transfer[ring] [habeas] petitions to the lower courts for consideration as motions for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850" was not the proper procedure. 878 So.2d 1236, 1238 (Fla. 2004). The court held that Rule 3.850 is the proper vehicle for post-conviction relief, finding that "[t]he remedy of habeas corpus is not available in Florida to obtain the kind of collateral post-conviction relief available by motion in the sentencing court pursuant to rule 3.850." *Id.* at 1245. The *Baker* court concluded that in the case before it, and in future cases, it would dismiss "as unauthorized" those petitions that should properly have been filed as motions pursuant to Rule 3.850. *Id.*

In the present case, the Florida Supreme Court's rejection of Petitioner's habeas petition was entered March 3, 2004.  The *Baker* decision was entered on March 11, 2004. This Court concludes, as in *Wilson*, that because *Baker* post-dated Petitioner's attempt to obtain habeas relief and announced a prospective rule, it is not directly applicable to his petition.

limitation period recommenced to run on March 3, 2004, 65 days of the limitation period remained unexpired (365 days - 42 days - 258 days = 65 days).

Petitioner properly filed a second state habeas petition 33 days later on April 5, 2004, asserting claims of ineffective assistance of counsel. When Petitioner's state habeas petition was denied on November 22, 2004, 32 days of the limitation period remained unexpired (365 days - 42 days - 258 days - 33 days = 32 days). *See Goldring v. State*, 888 So. 2d 634 (Fla. 2d DCA 2004). Thus, to be timely under § 2244(d), Petitioner's petition had to be filed on or before Friday, December 24, 2004.

Under the mail box rule, Petitioner is presumed to have filed his petition when it is delivered to prison authorities for mailing, and absent evidence to the contrary, the date of delivery for mailing is the date on which the document is executed[3] – here, December 26, 2004.[4] Petitioner has not shown that a state created impediment prevented him from filing a timely § 2254 petition or that he could not have discovered the factual predicate of his federal claims prior to December 26, 2004, when he filed the instant petition. *See* 28 U.S.C. § 2244(d)(1)(B) & (D). Thus, the petition for federal habeas relief is clearly time-barred under 28 U.S.C. § 2244(d)'s one-year limitation provision unless Petitioner demonstrates that he is entitled to equitable tolling.

---

[3] *See Washington v. United States,* 243 F.3d 1299, 1301 (11th Cir. 2001).

[4] The Court takes judicial notice of *Goldring v. Crosby*, Case No. 8-04-CV-447-T-30-MSS (M.D. Fla. 2004), a § 2254 petition filed by Petitioner on April 29, 2004. *See* Fed. R. Evid. 201. In an amended petition filed in Case No. 8-04-CV-447-T-30-MSS, Petitioner stated that his ineffective assistance of counsel claims were raised in the Florida Supreme Court on March 3, 2004, in Case # SC03-2355 (Case No. 8-04-CV-447-T-30-MSS, Dkt. 8 at 9, 11, 13, 15). The district court granted Petitioner's request to voluntarily dismiss the first § 2254 petition on June 3, 2004. As Petitioner was cautioned before the order granting his request for a voluntary dismissal was granted, *see id*, Dkt. 9 at 4 n.5, the one-year limitation period was not tolled during pendency of his previously filed federal habeas petition. *See Duncan v. Walker*, 533 U.S. 167, 172 (2001).

Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.' " *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir. 1999) (*per curiam*)). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corrs.*, 297 F.3d 1278, 1286 (11th Cir. 2002). Having afforded Petitioner an opportunity to explain the reasons for his untimeliness, the Court finds that Petitioner has failed to satisfy the criteria in this jurisdiction to proceed despite the procedural bar to his petition. *See Helton v. Sec. for the Dep't of Corrs.*, 259 F.3d 1310, 1314-15 (11th Cir. 2001).

Petitioner has failed to allege, much less establish, that extraordinary circumstances that were both beyond his control and unavoidable with diligence prevented him from presenting these claims before the limitation period expired, which are essential elements for the imposition of equitable tolling.

While the Eleventh Circuit has yet to address this issue in the context of AEDPA's limitation period, generally, a procedural default may be excused if the petitioner can show failure to address the claim on the merits would lead to a fundamental miscarriage of justice, often referred to as the "actual innocence" exception. *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977). Assuming, without deciding, that an "actual innocence" exception to the limitation period exists, the Court finds that Petitioner fails to state a colorable claim of actual innocence.

A petitioner in a collateral proceeding who wishes to establish his actual innocence to avoid a procedural bar to consideration of the merits of his underlying claim must

demonstrate that "a *constitutional* violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo,* 513 U.S. 298, 327 (1995) (emphasis added). This gateway applies only if the petitioner can demonstrate that "more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt." *House v. Bell,* __ U.S. __, 126 S.Ct. 2064, 2076-77 (2006); *see also Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. at 327-28). In this context, Petitioner must show constitutional error coupled with newly discovered evidence that was not presented at trial which would establish factual innocence rather than mere legal insufficiency. *Id*; *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001). *See also Schlup v. Delo*, 513 U.S. at 324.

> In support of his argument that he is actually innocent, Petitioner asserts that:
>
> [The] trial court's decision not to allow the jury to present questions as to when [Petitioner] obtained his gold teeth subjected [him] to a fundamental miscarriage of justice. . . . The juror wanted to present a question to [Petitioner] as to when he obtained his gold teeth, obviously, his innocence relied [sic] upon such in the jury's perspective. (R. 43). [Petitioner] stat [sic] he received his gold teeth two years previous to the date the robbery was committed. (TR. 176) After this occurred, the jury entered the courtroom. (TR. 126) Defendant has repeatedly maintained his innocense [sic] and his gold teeth was the crux of it. . . . Without this question being answered, the jury presumed he did not have them at the time the robbery occurred, Defendant is actually innocent of the offense, but the jury in not having its questioned [sic] answered by [Petitioner] could not render its verdict of "not guilty." Thus, [Petitioner] stands accused and convicted of an offense he did not commit.

Dkt. 1 at 18. Petitioner further contends that his conviction was the result of "mistaken identity," arguing that "the photopak [sic] was not a reliable source of evidence because it was not a current and up-to-date picture" and the unduly suggestive array of photographs tainted the witnesses' out-of-court identifications of him as the robber. Petitioner has failed to satisfy the threshold requirement that he come forward with "new" reliable evidence of

factual innocence, and there is nothing in the record that suggests a miscarriage of justice will occur if the Court does not reach the merits of Petitioner's claims. *See Murray v. Carrier*, 477 U.S. 478, 495-96 (1986).

Petitioner fails to proffer "specific facts which support a finding that one of these exceptions to the procedural default rule exists." *Hill v. Jones*, 81 F.3d 1015 (11th Cir. 1996). The merits of Petitioner's claims will not, therefore, be addressed. *See Kight v. Singletary*, 50 F.3d 1539, 1541 (11th Cir. 1995).

## Conclusion

For the foregoing reasons, the Court determines that the petition is untimely pursuant to 28 U.S.C. § 2244(d). Because the petition is barred by statute, the deficiency cannot be cured by amendment or discovery.

ACCORDINGLY, the Court **ORDERS** that:

1. The petition for writ of habeas corpus is **DENIED** (Dkt. 1).

2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on October 18, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copy furnished to:
*Pro Se* Petitioner/Counsel of Record

SA:jsh