UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARK M. GOLDRING,

    Petitioner,

v.                                      CASE NO: 8:04-CV-2798-T-30MAP

WARDEN LAMDIN, et. al

    Respondents.
_____/

## ORDER

    Petitioner, a State of Florida inmate proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his 2000 conviction for robbery with a firearm entered by the Thirteenth Judicial Circuit Court, Hillsborough County, Florida. (Dkt. #1.) Respondents filed a Response to Petition for Writ of Habeas Corpus (Dkt. #7), and Petitioner filed a Reply to the response (Dkt. #14). The Court issued an order denying Petitioner's Petition (Dkt. #15), but later granted a Motion for Reconsideration (Dkt. #18), reopening the case. The merits of the Petition are addressed below.

## BACKGROUND

    On June 6, 2000, Petitioner was charged by Information with one count of robbery with a firearm. (Dkt. #7, Ex. 1.) Following a jury trial, Petitioner was found guilty as charged on October 11, 2000. (Dkt. #7, Ex. 4.) Petitioner was sentenced on November 13,

2000, to a term of life imprisonment as a prison releasee reoffender. (Dkt. #7, Ex. 6.) Petitioner filed a motion to correct a sentencing error pursuant to Fla. R. Crim. P. 3.850(b) (Dkt. #7, Ex. 7) which was denied on July 5, 2001 (Dkt. #7, Ex. 8). Represented by counsel, Petitioner filed a direct appeal asserting that (1) the cumulative effect of improper remarks by the prosecutor during closing argument denied Petitioner his right to a fair trial, and (2) the trial court erred in sentencing Petitioner to life imprisonment as a prison releasee reoffender. (Dkt. #7, Ex. 9.) On April 5, 2002, the state district court affirmed petitioner's conviction and sentence *per curiam*, without written opinion. (Dkt. #7, Ex. 11.) *See Goldring v. State*, 816 So. 2d 618 (Fla. 2d DCA 2002). The mandate issued on May 1, 2002. (Dkt. #7, Ex. 12.) Over the next two years, Petitioner filed several unsuccessful applications for state post-conviction relief.

Petitioner filed the present request for federal habeas relief on December 26, 2004. (Dkt. #1.) In his petition, Petitioner raises four claims of ineffective assistance of counsel and four claims of trial court error. Respondents contend that Petitioner is not entitled to relief because his petition is barred under 28 U.S.C. § 2244(d) by the one-year limitation period applicable to § 2254 petitions. After initially agreeing with Respondents, the Court issued an order denying Plaintiff's § 2254 Petition. (Dkt. #15.) The Court later granted Petitioner's Motion for Reconsideration. (Dkt. #18.) The merits are addressed below.

**Standard of Review**

Pursuant to 28 U.S.C. § 2254(a), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted and effective on April 24, 1996, "a district court

shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal courts may not grant habeas relief with respect to claims adjudicated on the merits in state court unless the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see Price v. Vincent*, 538 U.S. 634, 638-39 (2003); *Clark v. Crosby*, 335 F.3d 1303, 1308 (11th Cir. 2003).

Ineffective assistance of counsel claims are governed by the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 684 (1984). To establish a *prima facie* claim, Petitioner must prove that (1) counsel's performance was deficient; and (2) that the deficient performance prejudiced the Petitioner. *Id*. The *Strickland* standard defines the proper measure of attorney performance as "reasonableness under prevailing professional norms," but counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. Deficient performance requires a showing that "in light of all of the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.*

Petitioner must show that counsel's deficient performance actually prejudiced the defense case. *Strickland*, 466 U.S. at 691-92. A petitioner's case is prejudiced when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Even an unreasonable error by counsel does not necessitate the setting aside of a judgment if the error did not affect the judgment. *Id.* at 692. Strategic decisions rendered by counsel after a complete review of relevant laws and facts are "virtually unchallengeable." *Id.* at 690-91. Petitioner can not meet his burden by showing that counsel could have chosen a different course at trial. *White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992). Rather, Petitioner must show that counsel did not do what was constitutionally compelled to provide adequate counsel. *Accord Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (*en banc*) (*quoting Burger v. Kemp*, 483 U.S. 776, 794 (1987)).

## DISCUSSION

**I.    Procedural Bar**

The Government contends that grounds five through eight of Petitioner's claims should be denied because the State court determined that the claims were procedurally barred. (Dkt. #7 at 11.)

Federal courts must dismiss claims that have been explicitly ruled procedurally barred by the highest state court considering the claims. *Harris v. Reed*, 489 U.S. 255 (1989). *See also Rodwell v. Singletary*, 113 F. Supp.2d 1308 (M.D. Fla. 2000) (finding that federal habeas courts can not reach the merits of procedurally defaulted claims). The procedural bar

can only be avoided upon showing either cause or prejudice, or by establishing that a fundamental miscarriage of justice resulted in conviction of an innocent defendant. *See Wainwright v. Sykes*, 433 U.S. 72, 97 (1977); *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

The state court dismissed grounds five through eight of Petitioner's claim as procedurally barred. (Dkt. #7, Ex. 14.) Additionally, Petitioner has failed to demonstrate any reason which would avoid the procedural bar. Accordingly, these claims are procedurally barred. Even if grounds five through eight had been properly raised, however, they would have been denied for the reasons stated below.

**II.     Overview of Claims**:

Petitioner's present habeas petition presents eight claims, the first four alleging ineffective assistance of counsel for:

(1)   failure to call an alibi witness to corroborate defendant's misidentification defense;

(2)   failing to investigate defendant's gold teeth in conjunction with his misidentification defense;

(3)   failure to move for a mistrial; and

(4)   informing the court of the mandatory prison releasee reoffender sentencing guidelines.

In grounds five through eight, Petitioner alleges a fundamental miscarriage of justice because:

(5)   the prosecution used impermissible, suggestive identification procedures;

(6)   the trial court failed to swear in prospective jurors during voir dire;

(7)   the trial court permitted state witnesses to stay in the courtroom during voir dire; and

(8)   the trial court did not allow the jury to present a question regarding defendant's gold teeth.

## III.   Ground One

Petitioner alleges that trial counsel provided ineffective assistance by failing to call an alibi witness to corroborate defendant's misidentification defense. In support of his claim, Petitioner states that although he informed counsel of potential corroborating witnesses, counsel failed to investigate the alibi defense.

Petitioner raised this claim in his 3.850 Motion. The state court denied relief on this claim stating:

> Defendant has failed to specifically identify any prospective witnesses by name that he feels should have been investigated, interviewed, or called at trial by counsel. Merely stating that counsel failed to investigate Defendant's "alibi" who would have stated that Defendant was "at another location during the commission of the crime" is not enough to satisfy the Highsmith test. Additionally, general allegations or mere conclusions are insufficient to demonstrate entitlement to relief. See Reaves v. State, 593 So. 2d 1150, 1150 (Fla. 1st DCA 1992). As such, no relief is warranted upon ground 1.

(Dkt. #7, Ex. 14 at 3.) Contrary to Petitioner's allegation, the record supports the state trial court's finding that Petitioner did not identify any potential corroborating witnesses. Factual determinations made by the state court are presumed correct, and the applicant has the burden of rebutting the facts by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Further,

self serving speculation about potential witness testimony is insufficient to support a claim of ineffective assistance of counsel; a petitioner must present evidence about the witness testimony in the form of actual testimony, or an affidavit.  *See United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991).  Petitioner has not presented any evidence demonstrating that a witness exists, or that had the potential witness testified, the witness would have corroborated Petitioner's alibi defense.  Therefore, Petitioner can not demonstrate that defense counsel's performance was deficient under *Strickland*.  *Strickland*, 466 U.S. 668.

## IV.   Grounds Two and Eight

Petitioner alleges in ground two that counsel was ineffective for failing to investigate defendant's gold teeth in conjunction with his misidentification defense.  In ground eight, Petitioner contends that the trial court's decision not to allow the jury to present a question about the date on which Defendant acquired his gold teeth subjected him to a fundamental miscarriage of justice.  In support of his claims, Petitioner states that two witnesses to the robbery identified the perpetrator as having gold teeth, but counsel failed to investigate or present to the jury the date on which defendant obtained his gold teeth.  This information, Petitioner contends, would have corroborated his actual innocence defense.

This claim was raised in Petitioner's 3.850 Motion, and the state court denied relief on this ground as follows:

> In ground 2, Defendant alleges ineffective assistance of counsel for failing to investigate the circumstances surrounding Defendant's gold teeth and submit at trial when they were obtained by Defendant.  Defendant specifically alleges that counsel should have investigated when Defendant obtained his gold teeth in order to answer the jury's question regarding when the gold teeth were obtained.  Defendant,

>however, is mistaken as to his claim that the jury asked a question regarding when Defendant's gold teeth were obtained. The record reflects that the jury sent two questions to the court during deliberations, neither of these questions, however, pertained to when Defendant obtained his gold teeth. As such, Defendant fails to show how counsel's performance was deficient since the jury never asked when Defendant's gold teeth were obtained.
>
>Defendant also fails to meet the second prong of Strickland, in that he fails to show how counsel's alleged failure to investigate when the gold teeth were obtained prejudiced him. Defendant merely alleges that if counsel could have investigated this fact, it would have assisted in corroborating Defendant's innocence. However, as stated previously in ground 1, general allegations or mere conclusions are insufficient to demonstrate entitlement to relief. See Reaves v. State, 593 So. 2d 1150, 1150 (Fla. 1st DCA 1992). Defendant fails to specifically say how or why counsel's alleged failure prejudiced him at trial. As such, no relief is warranted upon ground 2.

(*internal citations omitted*) (Dkt. #7, Ex. 14 at 4.) To receive habeas relief, Petitioner must prove that the state court unreasonably applied federal law, or made an unreasonable determination of the facts in light of the evidence. 28 U.S.C. § 2254(d). Petitioner has failed to meet this burden.

In ground two, Petitioner claims that counsel erred by failing to investigate and present the date on which Petitioner acquired his gold teeth. Petitioner's counsel argued to the jury that Petitioner had gold teeth on the date of the robbery. Further, Petitioner walked by the jury to display his teeth prior to the commencement of trial, and during closing arguments, his defense attorney reminded the jury that neither state witness remembered the burglar having gold teeth. (Dkt. #7, Ex. 2.) Petitioner has failed to demonstrate that had counsel presented information regarding the specific date he acquired his gold teeth, the outcome of his case would have been altered. Since the record shows that the state court properly applied *Strickland*, Petitioner is not entitled to relief on this ground.

Petitioner's underlying assertion supporting ground eight is factually incorrect --- the jury never submitted a question asking when Petitioner acquired his gold teeth. Rather, the jury asked if Petitioner's gold teeth were removable. The state court determined that the question was actually a request for additional evidence, and thus could not be answered. (Dkt. #7, Ex. 2.) Even if the trial court erred, Petitioner has not demonstrated that had the trial court answered the jury's question, the outcome of the case would have been different. Accordingly, this ground fails.

## V.  Ground Three

Petitioner claims ineffective assistance due to counsel's failure to move for a mistrial when the detective stated at trial that the photo pack was assembled using pictures of people previously arrested. The state court denied this post-conviction claim as follows:

> In ground 3, Defendant alleges ineffective assistance of counsel for failing to move the court for a mistrial when the detective stated at trial that the photo pack was assembled using pictures of people previously arrested. Defendant further alleges that counsel should have moved for a mistrial knowing that there was no curative instruction available to alleviate the prejudice implemented by Detective Feliciano. A review of the October 1, 2000 Transcript reflects the following:
>
> MR. THOMAS:   Okay. Could you tell the jury what did you do to make a photopak, [sic] to start with?
>
> MR. FELICIANO:   Once I have a defendant's name and date of birth, I go to a - we have a computer system where everybody that's ever been arrested in Hillsborough County -
>
> MR. DAVIS:   Objection, Judge. I would like to be heard at the bench.
>
> COURT:   Okay. Approach the bench.
>
> [Following proceedings had at bar:]

| | |
|---|---|
| MR. DAVIS: | Judge, that is the subject of a Motion in Limine. You know, I referred to a booking photo, but obviously referring to the fact that Mark Goldring has been previously arrested is highly, highly prejudicial. It is indirectly a subject of a Motion in Limine, and I object. And if the Court sustains it, I'm going to have to speak to my client and see if he wants me to move for a mistrial or not. |
| COURT: | I'll sustain the objection. |
| MR. THOMAS: | He didn't say the defendant's picture was in that or made from that. He just says there's a system that has all of that. It could easily be cleared up by saying that there's where he got the other photos to put in the photopak. [sic] |
| COURT: | Give it a shot. We'll see. |
| MR. DAVIS: | If you're going to do that, I would ask the Court if Mr. Goldring doesn't want to move for a mistrial, to explain to the jury that there's no evidence that he pulled a photograph of Mark Goldring after being arrested. I would first like to speak with him. |
| COURT: | No, we're wasting time. I'd take it under advisement anyway. |
| MR. DAVIS: | Thank you, Judge. |
| | [Following proceedings had in open court]: |
| MR. THOMAS: | Detective Feliciano, you know what Mr. Goldring looks like and you try to make a photopak [sic] that assimilates other individuals that are like him? |
| MR. FELICIANO: | Correct, born on the same year and the same month that he was born. |

In response to this matter, counsel made the following additional statements:

| | |
|---|---|
| COURT: | Thank you, Detective Feliciano. You may step down and be excused. Okay. Counsel, approach the bench, please. |
| | [Following proceedings had at bar, defendant present]: |
| COURT: | He's coming up here, too. What was it that you wanted me to tell them, curative instruction? |
| MR. DAVIS: | For the curative instruction for what happened earlier is I would ask you to tell the jury that they heard the detective looked through some photos of people who have been arrested in the past and there's no evidence whatsoever that Mr. Goldring has been arrested. |
| COURT: | Was one of those people. |
| MR. DAVIS: | And if there is, then they're absolutely to disregard it. |
| COURT: | Okay. |
| | [Portion omitted]. |
| | [Following proceedings had in open court]: |
| COURT: | Okay. The State has rested now, which means that they've put on the last of their evidence. You heard Detective Feliciano testify that a computer was used to draw the other five pictures from people who had been arrested in Hillsborough County. There was no evidence that Mr. Goldring was one of those people who had been arrested in Hillsborough County. |

As demonstrated through the above testimony, there was never any statement by Detective Feliciano that Defendant was one of the people in the Hillsborough County database of arrested persons. Additionally, counsel moved for a curative instruction, which the Court later gave to the jury, stating: "[t]here was no evidence that Mr. Goldring was one of those people who had been arrested in Hillsborough County." Therefore, after reviewing the October 1, 2000 Transcript in relation to Defendant's claim, the Court finds that Defendant fails to show how counsel's failure to move for a mistrial deprived Defendant of "counsel" as guaranteed by the Sixth Amendment. Moreover, Defendant fails to show that had counsel moved for a mistrial, that there

> is a reasonable probability that the result of the proceedings would have been different. Accordingly, Defendant fails to meet the test as set forth in <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). As such, no relief is warranted upon ground 3.

(Dkt. #7, Ex. 14 at 6-7.)

To receive habeas relief Petitioner must prove that the state court unreasonably applied federal law. 28 U.S.C. § 2254(d). Petitioner has failed to meet this burden.

Petitioner's claim is factually inaccurate - - - Detective Feliciano never explicitly stated that Petitioner had been previously arrested. Nonetheless, upon counsel's request, the court gave a curative instruction to diminish any prejudicial effect which might have resulted from Detective Feliciano's statements. Counsel's strategic decision to move for a curative instruction instead of a mistrial does not constitute deficient performance. *See Strickland*, 466 U.S. at 690-91 (concluding that strategic decisions rendered by counsel after a complete review of relevant laws and facts are "virtually unchallengeable"); *White*, 972 F.2d at 1220-21 (finding that a petitioner can not demonstrate deficient performance by showing that counsel could have chosen a different course at trial).

Further, Petitioner points to no reason to suggest that had counsel moved for a mistrial, it would have changed the outcome of the underlying proceedings. Petitioner has not demonstrated either prong of *Strickland*, therefore, Petitioner is not entitled to relief on these grounds.

**VI.    Ground Four**

Petitioner alleges that trial counsel was ineffective for informing the court that

applying the Prison Releasee Reoffender Act to Petitioner was mandatory. Specifically, Petitioner contends that without counsel's statement, the court would not have sentenced him pursuant to the Act because the state did not wish to have him sentenced as a Prison Releasee Reoffender.

> The state court denied this post-conviction claim as follows:
>
> As to Defendant's claim that counsel informed the court that sentencing pursuant to the Act was mandatory, the Court notes that Defendant is mistaken. A review of the November 13, 2000 Transcript reflects the following:
>> Mr. Davis:   [Portion omitted].
>> Judge, I reviewed the prison release reoffender, 775.082, and based on my review of all of the documentation I have and my conversations with Mr. Goldring, I regretfully cannot give the Court any reason why that statute cannot apply.
>
> Accordingly, counsel did not inform the court that sentencing pursuant to the Prison Release Reoffender Act was mandatory. The record reflects that counsel merely stated he could find no reason why Defendant did not meet the criteria as set forth in the Prison Release Reoffender Act. Accordingly, Defendant fails to show how counsel's performance was deficient. Since Defendant fails to meet the first prong of Strickland, there is no need to address the prejudice component. As such, no relief is warranted upon this portion of ground 4.
>
> As to Defendant's claim that the State did not wish to sentence Defendant as a Prison Release Reoffender, and therefore, based solely on counsel's statement to the court Defendant was sentenced pursuant to the Act, the record conclusively refutes this claim. A review of the court file reflects that the State filed its notice to treat Defendant as a Prison Release Reoffender on October 10, 2000. Moreover, a review of the sentencing transcript reflects that the State again reiterated its intent to treat Defendant as a Prison Release Reoffender and also called a fingerprint specialist to testify at the sentencing proceeding in order to qualify Defendant for sentencing pursuant to the Act. Accordingly, Defendant fails to show how counsel's performance was deficient. Since Defendant fails to meet the first prong of Strickland, there is no need to address the prejudice component. As such, no relief is warranted upon ground 4.

(*internal citations omitted*) (Dkt. #7, Ex. 14 at 7-8.)

Once again, Petitioner's claim is factually incorrect and this ground fails. His attorney did not tell the court that applying the Prison Releasee Reoffender Act was mandatory, and contrary to Petitioner's allegations, the State expressly stated its intention to have Petitioner sentenced pursuant to the Act. Petitioner can not demonstrate the first prong of *Strickland* - that trial counsel's performance was deficient. Therefore, this ground fails.

## VII.   Ground Five

Petitioner alleges that he was subject to a fundamental miscarriage of justice because the prosecution used an impermissible, suggestive identification procedure that resulted in an irreparable misidentification. Specifically, Petitioner contends that the photo pack shown to two key state witnesses was "highly suggestive" because all of the photographs in the pack (other than Petitioner's) pictured individuals whose physical characteristics did not match those of the alleged bank robber. Without this prejudicial identification procedure, Petitioner contends that his actual innocence defense would have prevailed, and he would not have been found guilty of robbery.

To receive relief based on a fundamental miscarriage of justice, a petitioner must make a substantial claim of actual innocence. *Schlup v. Delo*, 513 U.S. 298, 321 (1995). Actual innocence is not itself a constitutional claim, it is a gateway through which a petitioner must pass to reach an otherwise procedurally barred constitutional claim on its merits. *Herrera v. Collins*, 506 U.S. 390, 404 (1993). "To establish actual innocence, [a habeas petitioner] must demonstrate that ... 'it is more likely than not that no reasonable juror would have convicted him.'" *Schlup*, 513 U.S. at 327-328. 'Actual innocence' refers to

factual innocence, not mere legal insufficiency. *See Sawyer v. Whitley*, 505 U.S. 333, 339 (1992). "A substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.... To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." *Schlup*, 513 U.S. at 324. "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Id.* at 316.

Petitioner has failed to make the requisite showing of actual innocence to permit this court to reach the merits of his underlying claim. To support his actual innocence claim, Petitioner merely reasserts three of the claims herein: that the outcome of his trial would have been different had the state's witnesses not been present during voir dire, the trial court answered the jury's questions, and the witnesses been shown a sufficient photo pack.[1] Petitioner has presented no "new reliable evidence" nor do his allegations suggest that any such evidence exists. Petitioner can not support an actual innocence claim by suggesting

---

[1] Petitioner's actual innocence claim is asserted in his Reply, not in his § 2254 Petition, which is improper. Petitioner also makes an indirect ineffective assistance of appellate counsel in his Reply. This claim, even if it was asserted in the Petition, can not now be heard because the Petitioner has not exhausted this issue at the state level. The appropriate place to assert an ineffective assistance of counsel claim is in a state habeas corpus petition. *See Groover v. Singletary*, 656 So.2d 424, 425 (Fla. 1995).

legal insufficiency his conviction.[2]  Consequently, the Court can not review the merits of Petitioner's claim that the photo pack was impermissibly suggestive. Thus, this ground fails.

## VIII. Ground Six

Petitioner alleges that he was subject to a fundamental miscarriage of justice when the trial court failed to swear in prospective jurors during voir dire. A trial court's failure to swear in prospective jurors during voir dire is not grounds for reversal because it is routine procedure in Florida to swear in jurors in assembly rooms prior to arriving to the courtroom. *See Maize v. McDonough*, 2007 WL 2671126, at *7 (M.D. Fla., Sept. 7, 2007) (*citing Hayes v. State*, 855 So.2d 144 (Fla. 4th DCA 2003)). *See also* Fla. R. Crim. Proc. 3.300 ("The prospective jurors shall be sworn collectively or individually, *as the court may decide*." (emphasis added)). Therefore, this ground fails.

## IX. Ground Seven

Petitioner alleges that the trial court subjected him to a fundamental miscarriage of justice for permitting prime witnesses to stay in court during voir dire. Specifically, Petitioner contends that the state's two witnesses saw him at the defense table, and as a result, identified him as the robber the following day at trial. Even if the witnesses had not been present during voir dire, they would have seen Petitioner in the courtroom at trial. Petitioner does not cite any case stating that witness presence during voir dire is improper,

---

[2] Even if Petitioner prevailed on his actual innocence claim, the Court could not evaluate the merits of his claim that the photo pack was impermissibly suggestive because the photo pack was not included in the Record submitted to the Court.

much less a violation of his federal constitutional rights. *See* F.R.C.P. 52 ("Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded."). Therefore, this ground fails.

Petitioner does not state grounds upon which relief can be granted. Accordingly, the Court finds that Petitioner's § 2254 Petition should be denied.

## **CONCLUSION**

It is therefore ORDERED AND ADJUDGED that:

1. Petitioner's Petition for Writ of Habeas Corpus (Dkt. #1) is DENIED.

2. The Clerk is to enter judgment for Respondent, United States of America, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on April 18, 2008.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

S:\Even\2004\04-cv-2798.order.wpd